**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

LYUBOV YEFIMOVA,

                                  Plaintiff,

            - v -                                        Civ. No. 1:17-CV-730
                                                             (GTS/DJS)

TRUSTCO BANK,

                                  Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

LYUBOV YEFIMOVA
Plaintiff, *Pro Se*
101 S. Pearl Street
Apr. EIL
Albany, New York 12207

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Lyubov Yefimova. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion for Leave to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, dated July 25, 2017, this Court granted Plaintiff's Application to Proceed IFP. In accordance with 28 U.S.C. § 1915(e), the Court has conducted a *sua sponte* review of the Complaint. Because the pleading fails to satisfy basic pleading requirements, as more fully discussed below, and because the actions complained of have already been deemed frivolous in this District and in the Southern District of New York, I recommend dismissal without leave to amend. Furthermore, in light of Plaintiff's abuse of the judicial process in this District, I

recommend the issuance of an anti-injunction order preventing Plaintiff from filing any further actions in this District without prior permission from the Chief District Judge.

## I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to

legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678 & 679 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant- unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

### B. Review of the Complaint

Plaintiff's terse pleading is three pages long, consisting of a brief list of the parties involved, two separately enumerated typed paragraphs, two separately enumerated handwritten paragraphs, and two enumerated paragraphs that seem to be in a different language. *See generally* Compl. The basis for the Court's jurisdiction is stated as follows: "This is a civil action relief and damages to defend and protect the rights guaranteed by this United States." *Id*. at p. 1.[1] As best as I can tell, the factual basis supporting the lawsuit against Trustco Bank revolves around $28,000, which Plaintiff apparently stored in a safe at some unspecified Trustco Bank location and had reportedly been stolen by individuals, possibly in 2013, who may or may not have been criminally prosecuted for such criminal act. *Id*. at pp. 1-2. While it is not clear

---

[1] Citations to the Complaint are to those page numbers automatically assigned by the Court's Case Management Electronic Case Files ("CM/ECF") System.

at which Trustco Bank location the theft allegedly occurred, it seems that by this lawsuit, Plaintiff attempts to hold Trustco Bank responsible for the loss of her money as she was apparently only reimbursed $10,000 of the $28,000 that had been stored there.

It is clear that in its present form, the Complaint fails to satisfy basic the pleading requirements set forth in Federal Rules of Civil Procedure 8 and 10.[2] The allegations of fact are not clearly stated in separately enumerated paragraphs, but rather, are included in two rambling, sometimes incoherent paragraphs. While a description of the parties in this lawsuit and the relief sought, *i.e.* monetary damages, is included in the pleading, it is not clear whether the Court maintains the requisite jurisdiction to entertain such a lawsuit or if this would be the proper venue. In this regard, as noted above, the Complaint is devoid of a proper statement regarding the jurisdictional basis, either federal question or diversity jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1332, and contains few clear allegations of facts by which the Court could assess the contours of the claim being asserted.

In light of such shortcomings, the Complaint is subject to dismissal. Ordinarily, in consideration of her *pro se* status, prior to outright dismissal, this Court would typically recommend allowing Plaintiff an opportunity to amend her pleading in order to cure any deficiencies noted above. *See Simmons v.*

---

[2] Federal Rule of Civil Procedure 8 provides that a pleading must contain:
(1) a short and plain statement of the grounds for the court's jurisdiction . . .;
(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:
**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.
FED. R. CIV. P. 10(b).

*Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). However, such effort would be futile in light of the Court's review of Plaintiff's litigation history in this Court and in the Southern District of New York wherein Plaintiff has already, on multiple occasions, attempted to bring a lawsuit based upon these same facts against this same Defendant but has been rebuffed on each occasion.

Most recently, on May 15, 2017, in a civil action brought by Plaintiff against Trustco Bank in this District Court, the Honorable Thomas J. McAvoy, Senior United States District Judge, issued a Decision and Order wherein he adopted the recommendations rendered by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge, and dismissed the action "with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that the Court is without subject matter jurisdiction over Plaintiff's claims and the complaint is frivolous." *Yefimova v. bank trustco*, Civ. No. 1:17-CV-403 (TJM/TWD), Dkt. No. 6 at p. 3. In that civil action, Plaintiff alleged the same facts that are alleged in this current action. In performing her initial review of the complaint, Judge Dancks noted that Plaintiff had previously raised similar facts in three different civil actions brought in the Southern District of New York, each of which were dismissed on initial review. *Id.*, Dkt. No. 4 at pp. 5-6. In fact, the undersigned has reviewed Plaintiff's litigation history in the Southern District of New York, and corresponding appeals taken to the Second Circuit Court of Appeals, and has not only confirmed the dismissal of the three cases identified by Judge Dancks, but notes that Plaintiff has brought a total of sixteen civil actions in that District, all of which were dismissed *sua sponte* at the initial screening phase, and there are at least five dismissals of appeals that had been brought to the Second Circuit Court of Appeals for lacking an arguable basis in law.[3] Further review

---

[3] Plaintiff's litigation history in the Southern District of New York is as follows:

(continued...)

of the Plaintiff's litigation history in the Southern District reveals that a bar order was issued on July 25, 2012, whereby Plaintiff was precluded from bringing an action in that District without first obtaining permission; indeed, several cases brought after that bar order was issued were dismissed due to Plaintiff's failure to obtain permission prior to filing the action. *See supra* note 3. The Second Circuit Court of Appeals has also issued similar warnings to Plaintiff, on three separate occasions, noting that sanctions could ensue, including a bar, should she maintain her vexatious and frivolous litigation tactics. *Id*.

Having been barred from the Southern District, it appears that Plaintiff is bringing her frivolous

---

[3](...continued)
**1)** *Yefimova v. Schoba, et al.*, Civ. No. 1:11-CV-9123 (LAP) – consolidated with *Yefimova v. Devizon Radio, et al.*, Civ. No. 1:11-CV-9455 (LAP); dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);
**2)** *Yefimova v. Devizon Radio, et al.*, Civ. No. 1:11-CV-9455 (LAP) – consolidated with #1; cited by Judge Dancks in *Yefimova v. Bank Trustco*, Civ. No. 1:17-CV-403 (TJM/TWD), Dkt. No. 4 at pp. 5-6;
**3)** *Yefimova v. Yushmanov*, Civ. No. 1:12-CV-2841 (LAP) – dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); appeal dismissed for lacking arguable basis in law;
**4)** *Yefimova v. Devidzon Radio, et al.*, Civ. No. 1:12-CV-2999 (LAP) – dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); appeal dismissed for lacking arguable basis in law; cited by Judge Dancks in *Yefimova v. Bank Trustco*, Civ. No. 1:17-CV-403 (TJM/TWD), Dkt. No. 4 at p. 6;
**5)** *Yefimova v. Rahamin, et al.*, Civ. No. 1:12-CV-3323 (LAP) – dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); appeal dismissed for lacking arguable basis in law;
**6)** *Yefimova v. Brookdall Hospital*, Civ. No. 1:12-cv-4207 (LAP) – dismissed pursuant to Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction; Yefimova is warned about the sanction of a bar order should she continue to bring frivolous lawsuits;
**7)** *Yefimova v. Law Offices of Marina Tylo Esq.*, Civ. No. 1:12-CV-4802 (LAP) – dismissed pursuant to Federal Rule of Civil Procedure 12(h) for lack of subject matter jurisdiction; order to show cause issued regarding bar to filing lawsuits; resulting bar order issued;
**8)** *Yefimova v. Guskin et al.*, Civ. No. 1:12-CV-5994 (LAP) – dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and bar order; appeal dismissed for lacking arguable basis in law and warning issued by the Circuit regarding sanctions;
**9)** *Yefimova v. Russian Consulate et al.*, Civ. No. 1:13-CV-8327 (LAP) – dismissed due to bar order; appeal dismissed for lacking arguable basis in law and another warning issued;
**10)** *Yefimova v. Vishnevetsky, et al.*, Civ. No. 1:13-CV-8344 (LAP) – consolidated with four other actions (*see* ##11-14 below) and dismissed pursuant to bar order; appeal dismissed for lacking arguable basis in law and another warning issued; cited by Judge Dancks in *Yefimova v. Bank Trustco*, Civ. No. 1:17-CV-403 (TJM/TWD), Dkt. No. 4 at p. 6;
**11)** *Yefimova v. Gaskin, et al.*, Civ. No. 1:13-CV-8346 (LAP) – consolidated with #10;
**12)** *Yefimova v. Rahamin, et al.*, Civ. No. 1:13-CV-8347 (LAP) – consolidated with #10;
**13)** *Yefimova v. Brookdale Hospitale, et al.*, Civ. No. 1:13-CV-8348 (LAP) – consolidated with #10;
**14)** *Yefimova v. Law Offices, Marino Tylo*, Civ. No. 1:13-CV-8349 (LAP) – consolidated with #10;
**15)** *Yefimova v. Presca*, Civ. No. 1:15-CV-9774 (RMB) – dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii); and
**16)** *Yefimova v. FBI*, Civ. No. 1:16-CV-9316 (CM) – dismissed pursuant to bar order.

litigation practice to this District. In late-December 2016, Plaintiff filed a lawsuit against the IRS. *Yefimova v. IRS*, Civ. No. 1:16-CV-1536 (MAD/DEP). As with all her other civil actions, she did not pay the filing fee and instead sought permission to proceed IFP. Upon initial review, the Honorable David E. Peebles, United States Magistrate Judge, recommended on January 5, 2017, that the action be dismissed, pursuant to 28 U.S.C. § 1915(e), for failure to state a claim, with leave to amend. *Id.*, Dkt. No. 5. On May 11, 2017, the Honorable Mae A. D'Agostino, United States District Judge, adopted those recommendations and provided Plaintiff with thirty days to file an amended complaint. *Id.*, Dkt. No. 12. Plaintiff filed an amended complaint, *id.*, Dkt. No. 13, however, because that pleading suffered from the same infirmities plaguing the original pleading, Judge Peebles, on June 13, 2017, again recommended dismissal, but this time without further leave to amend, *id.*, Dkt. No. 16. That recommendation, which Plaintiff lodged objections to, is pending review by Judge D'Agostino.

On April 11, 2017, while the action against the IRS was undergoing initial screening, Plaintiff filed an action against "bank trustco." *See Yefimova v. bank trustco*, Civ. No. 1:17-CV-403 (TJM/TWD). That action, which mirrors the current action as noted above, resulted in a recommendation of dismissal from Judge Dancks on May 1, 2017, which was thereafter adopted by Judge McAvoy on May 15, 2017.

Following this activity, Plaintiff filed two more lawsuits in this Court. First, she filed a civil action on June 28, 2017, naming the following Defendants: District Court Clerk; Judge Mae A. D'Agostino; Thérèse Wiley Dancks; and Security.[4] Then, on July 6, 2017, Plaintiff filed the current action, wherein she attempts to reinstate claims against Trustco Bank which have been dismissed on multiple prior occasions.

---

[4] Because Plaintiff filed a motion for leave to proceed IFP in that action, I have conducted an initial review and issued a report-recommendation and order with recommendations similar to that recommended herein.

Notwithstanding the fact that only four lawsuits have been brought in this District, in light of Plaintiff's apparent disdain of judicial determinations and her insistence on bringing frivolous lawsuits, I believe that it is appropriate to review whether she should be barred from bringing further lawsuits in this Court without first obtaining permission from the Chief District Judge.

### C. Recommendation of Bar Order

Courts have always recognized that they may resort to restrictive measures when responding to vexatious litigants. *In re Martin-Trigona*, 9 F.3d 226, 228-29 (2d Cir. 1993) (noting that the Supreme Court and other Circuits have imposed restrictive measures). The Court has the obligation to protect the public and the efficient administration of justice from individuals who have a history of vexatious and harassing litigation because it imposes needless expense on the parties and an unnecessary burden on the court. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000). In this context, courts have accepted the need for permanent injunctions as a result of extraordinary patterns of vexatious, harassing, and baffling litigation practices. *In re Aarismaa*, 233 B.R. 233, 247 (N.D.N.Y. 1999); *Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (S.D.N.Y. Dec. 4, 1997) (identifying the All Writs Act as a legal basis to impose sanctions and enjoin a plaintiff who abuses the judicial process).

Under the All Writs Act, 28 U.S.C. § 1651, a court may sanction a vexatious litigant who abuses the judicial process by enjoining him from pursuing future litigation without leave of the court. *Malley v. New York City Bd. of Educ.*, 112 F.3d 69, 69-70 (2d Cir. 1997); *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 250 (2d Cir. 2004). An enjoinder may be permanent or may impose the less drastic remedy of a "leave to file" requirement. *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (noting the court's ability to levy a leave to file requirement); *Raffee v. John Doe*, 619 F. Supp. 891 (S.D.N.Y. 1985) (granting a

permanent injunction restraining the plaintiff from filing any further actions); *In re Aarismaa*, 233 B.R. at 247 (observing that such "restrictive measure[s] have included foreclosing the filings of pleadings in a particular case or requiring that leave of court first be sought").

Before regulating a truculent and persistent litigant by restricting future access to the court, a court should consider

> (1) the litigant's history of the litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, and in particular whether the litigant has a good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Toro v. Depository Trust Co.*, 1997 WL 752729, at *4 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).

It is clear that Plaintiff fits the mold of a pestilent litigator who can only be estopped from pursuing frivolous litigation by sanctions more austere than dismissing her actions. First, a review of Plaintiff's litigation history shows that all of her filed claims are frivolous. Second, Plaintiff could not have had a good faith expectation of prevailing in her civil actions as they not only patently lack any legal basis, but she has already been told by multiple federal judges of this fact. Third, although Plaintiff is a *pro se* litigant, she has extensive litigation experience in the Southern District of New York, having filed sixteen lawsuits in that venue, combined with the four lawsuits brought here; she also has appealed to the Second Circuit Court of Appeals on more than six occasions. In each instance, Plaintiff has been informed of the shortcomings of her pleadings/appeals, and has received explicit direction as to how to remedy and replead, all of which has fallen on deaf ears. Fourth, Plaintiff has caused needless harassment and burden on the Court in having to understand the basis for her filings, only to discover that she has already presented the very same claims

to other judges, but because she did not like the result, she insists on refiling, presumably until she obtains the desired result of monetary compensation. Fifth, in light of Plaintiff's litigation history, it does not appear that any other sanction, short of an injunction, will be adequate to protect the Court from Plaintiff's insatiable appetite for continued litigation. *See Ulysses I & Co., Inc. v. Feldstein*, 2002 WL 1813851 (S.D.N.Y. Aug. 8, 2002), *aff'd sub nom, Bridgewater Operating Corp. v. Feldstein*, 346 F.3d 27 (2d Cir. 2003). Such persistence is evidenced by Plaintiff's continual filing of lawsuits in the Southern District after a ban had been imposed, and then, upon realizing she could not prevail, transferring her litigation tactics to this District.

Thus, I recommend in addition to dismissal of the within case that, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings, Plaintiff be prohibited from making any future filings in this District without prior leave of the Chief Judge.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that this action be **dismissed** due to Plaintiff's failure to comply with Federal Rules of Civil Procedure 8 and 10 and, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim; and it is further

**RECOMMENDED**, that Plaintiff be permanently enjoined from filing any other cases in this District without leave of the Chief District Judge. As noted below, Plaintiff will be provided a period of time for her to lodge any objections she has to this Court's recommendations. Plaintiff may choose to use that opportunity to also address the recommendation barring her from filing cases in this District without prior permission; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the Plaintiff by certified mail, return receipt.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[5] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: July 31, 2017
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge

---

[5] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).